## Rocks, Appellant, *v.* Santella et al.

474

Argued April 19, 1944. Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*C. C. Carter,* with him *Rufus S. Marriner,* of *Mar-
riner & Wiley,* for appellant.

*David H. Weiner,* County Solicitor, for County Com-
missioners, appellees.

*John J. Moschetta,* with him *David I. McAlister,* of
*McAlister & Zelt,* for Santella, appellee.

OPINION BY RHODES, J., July 15, 1944:

Plaintiff has appealed from a decree of the court be-
low dismissing his bill in equity whereby he sought to
secure modification of a decree of the court of common
pleas and the cancellation of a deed. Defendants, by
answers filed, preliminarily objected to the bill. The
preliminary objections were sustained.

Plaintiff, in his bill in equity, averred that he was the
owner of a certain lot known as lot No. 10, in block

12, in Milford Terrace Plan of Lots in East Bethlehem Township, Washington County, Pa., on which was erected a nine-room frame dwelling house; that he acquired the same by deed dated March 3, 1930, and duly recorded in the recorder's office of Washington County; that the unpaid taxes were returned to the county treasurer of said county; that the county treasurer on April 25, 1940, sold the said premises for the unpaid taxes assessed against plaintiff and against the Union Realty Company of which plaintiff was proprietor; that the county treasurer by his deed dated February 7, 1941, conveyed said premises to the county commissioners of Washington County; that said deed was acknowledged on April 25, 1942, in the Court of Common Pleas of Washington County; that the county commissioners sold said property at private sale to the defendant Carlo Santella on September 29, 1942; that on or about October 3, 1942, plaintiff received a copy of a petition of the defendant Carlo Santella, filed at No. 205, November Term, 1942, in the Court of Common Pleas of Washington County for the establishment of title to the said premises acquired by him from the county commissioners of Washington County; that on November 29, 1942, plaintiff filed an answer to the petition and rule issued thereon.

The bill recites other matters which have no connection with the parties defendant.

The bill prays that the judgment entered against the Union Realty Company for failure to file an answer at No. 205, November Term, 1942, be stricken off, and that the deed from the county treasurer to the county commissioners dated February 7, 1941, and the deed from the county commissioners to the defendant Carlo Santella be cancelled.

In the first place, a bill in equity is not the proper procedure to secure modification of the order of the court of common pleas at No. 205, November Term,

1942. Application should have been made to the court which made the order; it is the privilege of every court to have control of its own proceedings, subject only to review by a court of appellate jurisdiction. Plaintiff's bill makes reference to the proceedings at No. 205, November Term, 1942, but it does not set forth what final order or judgment was entered therein, or his cause of grievance. The record does not contain the order or judgment. The opinion of the court below, however, states that these proceedings were to quiet the title to the premises purchased by the defendant Santella, and that the rule granted on the petition was made absolute for want of an answer by the Union Realty Company. Under the Act of May 16, 1919, P. L. 180, §2, as amended by the Act of April 11, 1939, P. L. 22, §1, 53 PS §2112, plaintiff had ninety days after the order to begin proceedings to establish his title to, or interest in, or claim against, the land in question, and as to all persons who did not appear or answer, as the case may be, the court shall make the rule absolute.

The other relief prayed for could not be granted, as the controversy is one of disputed title, and this question must be determined on the law side of the court. If, as plaintiff argues, the facts set forth in the bill show a clear legal title in him and a defective title in the defendant Santella, the proper procedure to recover possession would be by an action in ejectment.

The reason assigned for the cancellation of the deeds is that the deed from the county treasurer to the county commissioners "was not duly and legally acknowledged before a justice of the peace as required by the act of assembly pertaining to deeds conveying properties sold by the county treasurer to the county commissioners." In this respect we are of the opinion that plaintiff discloses no cause of action whatsoever. The deed from the county treasurer to the county commissioners was properly acknowledged in the court of common pleas.

Act of April 23, 1909, P. L. 156, §1, 21 PS §153; Act of May 29, 1931, P. L. 280, §14, as amended by the Act of March 24, 1933, P. L. 18, §1, 72 PS §5971n; *Echard v. Montgomery et al.*, 43 D. & C. 453. Judges of the courts of common pleas may take acknowledgments of deeds.

The decree of the court below is affirmed, at the cost of appellant.